IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEWIS ARCHER and SHEARIE ARCHER | ) |
| Plaintiffs, | ) |
| vs. | ) CIV. ACT. NO. 1:19-cv-258-TFM-MU |
| AMERICA'S FIRST FEDERAL CREDIT UNION | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 17, 2019, the Magistrate Judge entered a Report and Recommendation (Doc. 26) which recommends denial of the Plaintiffs' Motion to Recall Writ of Possession (Doc. 20) and the granting of Defendant's Motion to Dismiss (Docs. 15, 19). Plaintiffs timely filed objections (Doc. 27).

In their objections, Plaintiffs argue they were diligent throughout the ejectment process and the state court proceedings regarding their home. Doc. 27 at 1. They argue that "there were extraordinary circumstances beyond [their] control that prevented [them] from filing this lawsuit sooner." *Id*. They further assert they asked their attorney from the state-proceeding to file in federal court and were told that it was. *Id*. at 3. They request that the Court apply the doctrine of equitable tolling and suspend the running of the statute of limitations from February 2, 2016 to May 31, 2019 (the date the instant action was filed). *Id*.

A claim under the Real Estate Settlement Procedures Act ("RESPA") "may be brought within 3 years from the date of the occurrence of the violation." 12 U.S.C. § 2614. Based on their objections, Plaintiffs essentially concede that the three-year statute of limitations has expired on their claims. The Court then turns the request for equitable tolling the statute of limitations.

Courts "look to the relevant statute for guidance in determining whether equitable tolling is appropriate in a given situation." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006). However, equitable tolling is an extraordinary remedy only applicable in exceptional circumstances and should be extended only sparingly. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veterans Administration*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990). "The general test for equitable tolling requires the party seeking tolling to prove (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quotation omitted).

There is some split in authority on whether the RESPA statute of limitations may be equitably tolled. *Compare, e.g. Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1041 (D.C. Cir. 1986 (finding that equitable tolling does not apply to RESPA) *with Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166-67 (7th Cir. 1997) (finding RESPA is subject to equitable tolling). However, it would appear that the Eleventh Circuit, though not addressed directly in a published opinion, would determine RESPA is subject to equitable tolling. *See Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002) (acknowledging the potential application of equitable tolling to RESPA actions); *McCarley v. KPMG Int'l*, 293 F. App'x 719, 723 (11th Cir. 2008) (an unpublished Eleventh Circuit case noting the circuit split and the Eleventh Circuit Court of Appeals' acknowledgement in *Pedraza*). However, despite this, the Court finds that even if equitable tolling does apply in RESPA cases, the requirements would not be met here.

By their own statements in the objections, Plaintiffs were aware of the claim and requested their attorney to file the case. These are not extraordinary circumstances beyond their control nor is that failure to file a claim a basis for tolling the statute of limitations. Further, though the Court

is certainly sympathetic to the medical stress and its resulting distractions, it still does not provide a legal basis for tolling the claims.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Plaintiffs' Objections are **OVERRULED**, Defendants Motion to Dismiss (Doc. 15) as supplemented (Doc. 19) is **GRANTED**, and the Motion to Recall Writ of Possession (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** this the 2nd day of December 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE